UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARC GUTHARTZ, | : | Civil No. 12-3428 (SDW) |
| Plaintiff, | : | |
| v. | : | **ORDER ON MOTION #22** |
| HACKENSACK TWP., et al., | : | |
| Defendants. | : | |

**WIGENTON, District Judge:**

1. On August 1, 2012, this Court screened the Complaint (Dkt. 1) for failure to state a claim upon which relief may be granted; this Court granted Plaintiff's application to proceed <u>in forma pauperis</u>, dismissed Hackensack Township Police Department and Hackensack Township as defendants, ruled that the Complaint states a Fourth Amendment excessive force claim under 42 U.S.C. § 1983 against defendants Richard Sellitto, Stephen Ochman, and Bryan Ziegelhofer, and directed the U.S. Marshal to serve the Complaint on these defendants.  (Dkt. 4.)

2. On August 24, 2012, the U.S. Marshal served defendants Sellitto, Ochman and Ziegelhofer.  (Dkt. 13.)

3. Rule 12(a)(1)(A)(i) required defendants to file and serve their answers on or before September 17, 2012.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A)(i) (defendant must serve an answer "within 21 days after being served with the summons and complaint").

4. On September 5, 2012, defendant Ziegelhofer filed an application to extend the time to file an answer.  (Dkt. 8.)

5. On September 6, 2012, the Clerk granted Ziegelhofer's application and extended the time for Ziegelhofer to answer until September 28, 2012.

6. On September 11, 2012, defendant Ziegelhofer filed an Answer and Cross claim. (Dkt. 9.) On September 18, 2012, and September 20, 2012, defendant Ochman filed an Answer. (Dkt. 11, 12.)

7. On December 4, 2012, Plaintiff filed a motion for a default judgment against defendant Sellitto pursuant to Fed. R. Civ. P. 55, together with a certification showing that Defendant Sellitto did not file an answer or a motion to extend the time to file an answer, and the time for him to answer has expired. (Dkt. 22.)

8. On January 10, 2013 (originally filed on December 7, 2012), attorney Richard Galler filed a certification in opposition to Plaintiff's motion for judgment of default against Sellitto. Galler states that it is his "understanding that a representative of the City of Hackensack believed that certain Defendant's could be represented by one counsel rather than two," but counsel for the City of Hackensack and the City of Hackensack "decided that to avoid a conflict or an appearance of impropriety, that it would be appropriate that Richard Sellitto have separate counsel." (Dkt. 25 at 1-2.) Galler avers that he has "been authorized to enter an appearance on behalf of Richard Sellitto and [he] respectfully request[s] that the default judgment . . . be denied." Id. at 2.

9. Rule 55 governs the entry of a default, the entry of a default judgment, and setting aside a default and a default judgment. Rule 55(a) requires the Clerk to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Where a default has been entered by the Clerk and Plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, Rule 55(b)(2) provides that "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

10. Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

11. In this case, the docket shows: Plaintiff's Complaint seeks affirmative relief against defendant Sellitto; Sellitto has failed answer within the time prescribed by Rule 12(a)(1); Plaintiff filed a certification showing Sellitto's failure to file a timely answer.

12. The Clerk did not enter a default against Sellitto, however, presumably because Plaintiff's motion (Dkt. 22) seeks not entry of a default by the Clerk, but entry of a default judgment by this Court. In any event, even if Plaintiff had requested and the Clerk had entered a default against Sellitto under Rule 55(a), this Court finds that the certification of attorney Galler provides good cause to set aside an entry of default against Sellitto, <u>i.e.</u>, Sellitto's employer (the City of Hackensack) initially determined that one attorney could represent both defendants Ochman and Sellitto, but later determined that each defendant needed separate counsel.

13. Although Sellitto failed to seek an extension of time to answer prior to the September 17, 2012, expiration date, this Court will in the interest of justice extend the time for Sellitto to file an answer until 14 days of the date of the entry of this Order.

IT IS on this 16th day of January, 2013,

ORDERED that Plaintiff's motion (Dkt. 22) for a default judgment is DENIED; and it is further

ORDERED that the time for defendant Sellitto to file an answer is extended until 14 days of the date of the entry of this Order.

    s/Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**